FILED
SUPERIOR COURT
OF GUAM

2021 MAR 26 PM 2: 43

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

|  |  |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO.: CF0185-20 |
| vs. | |
| JOHN WALTER CRUZ TUCK, | **DECISION AND ORDER:** **People's Motion to Continue Trial** |
| Defendant. | |

## I. INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on March 23, 2021 on the People's Motion to Continue Trial ("Motion") which was filed on March 19, 2021. Assistant Attorney General Jeremiah Luther represented the People of Guam (the "People"). Defendant John Walter Cruz Tuck ("Defendant") was represented by Attorney F. Randall Cunliffe. Following oral argument by the parties, the Court GRANTED the People's Motion from the bench, vacated the jury selection and trial scheduled to commence on March 29, 2021, and now issues this written Decision and Order memorializing its oral ruling.

## II. BACKGROUND

The trial in this case was scheduled to commence with jury selection on March 29, 2021, and the parties agreed that the evidentiary portion of the trial would start sometime

thereafter based on the availability of a courtroom.[1] This date was agreed to by the Defendant who asserted his right to a speedy trial pursuant to the 6th Amendment, rather than per the local statute compelling trial within 45 to 60 days of the assertion. 8 GCA § 80.60; Criminal Trial Scheduling Order (Jan. 5, 2021). On March 19, 2021, the People requested a short continuance of the trial due to the unavailability of a material witness, the alleged victim in this matter, H.J.L. (DOB 11/20/1998) (the "Witness"). According to the People, the Witness, who currently resides off-island, will be unavailable for trial as scheduled. She would be available to travel to Guam after April 22, 2021. The People submitted that the Witness only recently disclosed this information to them during the trial preparation.

The Defendant opposes the People's Motion, arguing that the People have not shown good cause for the continuance and, specifically, that the People have made no efforts to make the witness available at the time the trial was scheduled to commence, the date of which they have known since January 5, 2021. Opp. p. 3; *see also* Crim. Trial Sched. Order (Jan. 5, 2021). Counsel for the Defendant also argues that the Defendant has asserted his right to a speedy trial and that there is the potential for prejudice against the Defendant due to the delay. Hrg. Min. 11:53:35AM (Mar. 23, 2021).

**III. LAW AND ANALYSIS**

The Sixth Amendment of the United States Constitution guarantees that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial..." U.S. Const. amend. VI. The substance of the speedy trial right is defined through analysis of the peculiar facts and circumstances of each case. *People v. Tedtaotao*, 2015 Guam 31 (quoting *People v. Flores,* 2009 Guam 22 ¶ 41).

---

[1] In order to comply with pandemic social distancing mandates, only two courtroom venues are currently sufficient

Defendant has asserted his right to a speedy trial pursuant to the 6th Amendment, rather than pursuant to the local statute prescribing a specific number of days by which the Court must take the matter to trial. However, the Court evaluates the opposition in the context of both 8 GCA § 80.60 as well as the 6th Amendment. Defendant is not in custody, thus trial must commence within sixty (60) days of his arraignment lest the case be dismissed, subject to tolling of the speedy trial clock as discussed, below. 8 GCA § 80.60(a)(3). 8 GCA § 80.60(b)(3) provides that the case will not be dismissed where "good cause is shown for the failure to commence the trial within the prescribed period." What constitutes good cause for the delay of a criminal trial is a matter that lies within the discretion of the trial court. *Guam v. Flores*, 2009 Guam 22, ¶ 32 (quoting *People v. Johnson*, 606 P.2d 738, 746 (Cal.1980)).

A. **The Four-factor Test under** *Barker v. Wingo*

Guam law employs a four-part balancing test pronounced by the Supreme Court of the United States *Barker v. Wingo,* 407 U.S. 514, 530 (1972) in determining whether the Defendant's speedy trial rights are violated by a continuance of trial due to the unavailability of a material witness. *See, People of Guam v. Mendiola*, 2015 Guam 26; *People v. Tedtaotao,* 2015 Guam 31. Under *Barker*, the following factors are considered: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the presence or absence of prejudice resulting from the delay. *Flores,* 2009 Guam 22 ¶ 42. None of these factors alone ... are dispositive. Rather, the factors must be considered together and balanced in relation to all of the relevant circumstances of the delay in bringing the defendant to trial. *Flores,* ¶ 42 (citing *Barker,* 407 U.S. at 533); *Tedtaotao*, 2015 Guam 31 ¶ 33. The Court now analyzes the factors of *Barker* in determining "good cause."

to accommodate a felony jury trial.

### 1. Length of Delay.

Courts must examine the particular circumstances and complexities of a case in order to determine whether the length of delay gives rise to a presumption of prejudice. *People v. Tedtaotao,* 2015 Guam 31 ¶ 7 (citing *Doggett v. United States,* 505 U.S. 647, 652 n. 1 (1992)("The U.S. Supreme Court has noted that 'courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches ***one year***.""). The Guam Supreme Court has noted that a delay of six months was a "borderline case" sufficient to trigger an inquiry into the remaining three *Barker* factors (*United States v. Valentine, i783 F.2d 1413, 1417 (9th Cir. 1986)*; but also notes other cases where "a period of slightly less than seven months is too brief a delay to trigger defendant's Sixth Amendment speedy trial claim," as is nine and one-half months. *Id.* (citation omitted).

Although applying these factors under normal and usual circumstances a delay of trial in this case from arrest in March 2020 to trial in May 2021 might be considered "presumptively prejudicial," under the circumstances of the COVID-19 pandemic as well as the departure of the Witness as well as the tolling of the speedy trial clock by Administrative Order of the Guam Supreme Court, this Court finds that a delay of six weeks is a short period considering these factors as well as the seriousness and complexity of the charges against the Defendant. Thus, this factor weighs in favor of the People.

### 2. The reason for delay.

In analyzing reasons for delay, the court must examine which party is responsible for the delay and determine whether the delay is negligent, deliberate or justified. *Tedtaotao* at ¶ 39. The Court finds that this delay is neither negligent nor deliberate, but justified. "Justified delay includes occurrences such as missing witnesses or delay for which a defendant is

primarily responsible and is not weighted against the People.*" Id.* "The unavailability of a witness is a valid reason for delay." *Id.* at ¶ 43. The People represented at the hearing that it just discovered that the Witness who is the alleged victim in this case relocated off-island and is unavailable to travel to Guam until April 22, 2021. Upon her arrival in Guam, presuming that quarantine is still mandatory, she will have to adhere to the quarantine requirements, which is approximately 14 days. This delays the scheduled trial for approximately six weeks. Although the People only notified the Court of the unavailability of their essential witness a mere ten days before the trial was scheduled to commence, the People were prompt in requesting this Court for a continuance upon their discovery of the victim's unavailability.

The People have also represented to the Court that the Witness is an "essential" witness for the prosecution. The Witness is also the named victim in this matter and her testimony is not evidence would not be redundant nor available via other means.

Thus, the Court finds that this delay is not weighted against the People.

### 3. Assertion of Speedy Trial Right.

"In order to successfully argue that a Sixth Amendment violation has occurred, "'[a] defendant has the responsibility to assert a speedy trial claim.'" *Tedtaotao* at ¶ 46, citing *Mendiola*, 1999 Guam 8 ¶ 29 (citation and internal quotation marks omitted). Here, the Defendant has asserted his rights to a speedy trial pursuant to the 6th Amendment. Accordingly, this weighs in Defendant's favor.

### 4. Prejudice to the Defendant.

In considering the fourth *Barker* factor, the Guam Supreme Court has declared: "A long, unexplained pretrial delay may give rise to a presumption of prejudice and shift the burden to the government to justify the delay." *Tedtaotao* at ¶ 47 (citing *Flores*, 2009 Guam 22

¶ 49 (citation omitted)). In instructing the trial court's consideration of this factor, the Supreme Court has stated:

> A court considers three interests protected by the speedy trial right in evaluating whether the defendant was prejudiced: "(1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of the defendant, and (3) limiting the possibility that the defense will be impaired." *Id.* (citing Barker, 407 U.S. at 532). Of these interests, the most serious is the impairment of the defense "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.

Even considering these factors, the Court cannot find prejudice to the Defendant in the manner identified in *Tedtaotao* and *Barker*. Defendant has been released on his own recognizance and this Court has also modified his release in order to accommodate his families' needs during the pandemic. More importantly, there is no indication that the short delay will in any way limit or compromise his ability to prepare his defense. Indeed, during the hearing, when specifically asked what prejudice the Defendant would suffer from the short delay, none of these factors were articulated. Thus, the Court finds that this weighs in favor of the People.

## 5. Other considerations.

It is noted that the Defendant asserted his right to speedy trial pursuant to the 6th Amendment; however, even if the Court were to apply the 60-day deadline set forth in 8 GCA § 80.60(b)(3), a mid-May trial date falls well within the time frame, considering all of the factors set forth herein and in particular, the tolling of the speedy trial clock pursuant to the Fourteenth Administrative Order Relative to Court Operations Under Exigent Circumstances Related to COVID-19, which tolls the speedy trial timeline through March 31, 2021. ADMIN. ORD. 21-002. Pursuant to this Order, the speedy trial clock does not begin to run again until April 1, 2021; thus, applying the 60-day time frame, the Court is required to bring the matter to trial within sixty days of April 1, 2021, which falls on May 30, 2021. If the Court were to grant

the short continuance until mid-May, there would not be a violation of either the 6th Amendment or statutory right to speedy trial under these circumstances.

## IV. CONCLUSION

Based on a consideration of the *Barker* factors and considering the reasons for the delay and that the speedy trial clock has also been tolled by the Guam Supreme Court, the Court finds good cause to continue the trial from March 29 to a date in May. An Amended Criminal Trial Scheduling Order shall be filed concurrently with this Decision and Order.

**SO ORDERED** this _____ MAR 2 6 2021 _____ *nunc pro tunc* March 23, 2021.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_AG; Cunliffe_

Date: 3/26/21  Time: 3:15

Deputy Clerk, Superior Court of Guam